Case 4:98-cv-01056  Document 65  Filed in TXSD on 02/01/99  Page 1 of 16

IN THE UNITED STATES DISTRICT COURT  FEB - 1 1999
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-98-1056 |
| | § | |
| JOSE MENDOZA HUERTA, ET. AL. | § | |

## ALIMAN'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kahtan Aliman, d/b/a Carnaval Nightclub (Aliman), defendant herein, filing his motion for summary judgment in the above styled and numbered cause against the plaintiff, Joe Hand Promotions, Inc., and in support there of would show unto the court the following:

1.0  This is a suit wherein the plaintiff alleges that Aliman illegally displayed the Tyson-McNeeley boxing match on August 19, 1995 at a night club called "The Grind" and/or "Carnaval". Plaintiff claims it had the right to distribute that match and seeks damages and attorneys' against Aliman under 47 U.S.C. §605 and 47 U.S.C. §553.

2.0  Aliman is entitled to a judgment as a matter of law based on deemed admissions.  This suit was originally filed on March 27, 1998.  On November 16, 1998, defendant Aliman served interrogatories, request for production and request for admissions upon plaintiff Joe Hand Promotions, Inc. to be answered by the plaintiff under the Federal Rules of Civil Procedure.  Attached are true copies of the requests for admissions, the enclosing letter and the United States Post Office Receipt showing counsel for plaintiff received the discovery on November 23, 1998.  To this



CMPDF - www.fastio.com

date there have been no objections, no requests for extensions and no responses.

3.0   Having failed to respond or object to requests for admissions, they are deemed admitted as a matter of law under FRCP 33(a).  Any matter admitted under the rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.   FRCP 33(b).

Deemed admissions 1 through 26 state the following:

1.   Aliman was not the owner of the club located at 8320 SW Freeway, Houston, Texas 77074, on or about August 19, 1995.

2.   On August 19, 1995, Samuel T. Castorani went to the nightclub located at 8320 SW Freeway, Houston, Texas.

3.   The name of the club Mr. Castorani entered at 8320 SW Freeway, Houston, Texas on August 19, 1995 was "The Grind".

4.   Mr.Castorani paid a ten dollar cover charge to enter the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995.

5.   Mr.Castorani was given a wrist band, a true and accurate copy of which is attached to these requests as exhibit A.

6.   The bartender at the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995 was a black male named Corem, about 28 years of age.

7.   Attached as exhibit B to these requests is a true and accurate copy of Mr. Castorani's affidavit regarding his visit to the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995.

8.   Attached as exhibit C to these requests is a true and accurate copy of a flyer Mr. Castorani obtained from the club located at 8320 SW Freeway, Houston, Texas during his visit to that club on August 19, 1995.

9.   Aliman did not have possession or control of the premises in question on August 19, 1995.

10.   Aliman had sub-leased the premises to Charles Pribilski, also known as Jimmy Olson, on February 28, 1995.

11.   Aliman was not on the premises of the club in question on the

2

night of the fight.

12. Aliman did not have any knowledge that the fight in question was to be shown on or before August 19, 1995.

13. Aliman has received no payment or benefit from the showing of the fight in question if in fact it was shown at the club in question.

14. If in fact the fight was shown at The Grind club without any payment and by illegal means, as alleged by the plaintiff, then Charles Pribilski and his partner and/or joint venturer, Chris Tellison, are responsible for same.

15. Aliman is not a proper party to this suit.

16. Joe Hand Promotions, Inc. did not have the right to distribute the Tyson-McNeeley program on August 19, 1995.

17. Kingvision Pay-Per-View Corp. LTD. had the right to distribute the Tyson-McNeeley program on August 19, 1995.

18. This party has no documents related to the substantial monies that this party expended in consideration of the agreement to publicly exhibit the Tyson-McNeeley program to various entities in the state of Texas.

19. This party has no documents showing that, with full knowledge that the Tyson-McNeeley program was not to be received and exhibited by entities unauthorized to do so, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the program at 8320 Southwest Freeway, Houston, Texas, willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. This party has no documents showing that, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or devise to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

21. This party has no documents showing that, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily

3

in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

22. This party has no documents showing that, with full knowledge that the Tyson-McNeeley program was not to be received and exhibited by entities unauthorized to do so, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees did exhibit the program at 8320 Southwest Freeway, Houston, Texas, at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23. This party has no documents showing that, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees illegally intercepted the program in question when it was distributed and shown by cable television systems.

24. This party has documents showing the names, addresses and telephone numbers of all persons/entities who have previously settled with this party for allegedly illegally showing the Tyson-McNeeley fight of August 19, 1995, and/or which state the amount of the settlement and/or the amount of attorney's fees paid to this party's (Joe Hand Promotions) attorneys as fees for their services rendered.

25. This party has no documents showing the amount of attorney's fees this party (Joe Hand Promotions) contends Kahtan Aliman, individually and dba Carnaval Nightclub owes as attorney's fees and/or which show the factual basis for the amount claimed and/or the reasons Aliman should be held liable for those attorney's fees.

26. This party has no documents showing the investigation this party undertook prior to authorizing this lawsuit against Kahtan Aliman, individually and dba Carnaval Nightclub, and/or which show any factual basis this party had for concluding that Aliman may be liable under any of the theories of liability plead against Aliman in this litigation.

4.0 Having admitted to the above stated requests, defendant Aliman has established that he did not have control or possession of the premises where the fight was allegedly shown; he did not profit from the showing of the fight; the plaintiff did not have the right to distribute the fight; and, that Aliman is not a proper party to this suit. These facts establish that Aliman is not liable to the

4

plaintiff as a matter of law.

5.0 Wherefor, premisses considered, Aliman requests that his motion for summary judgment be granted and that plaintiff take nothing by virtue of filing this suit against Aliman, that the plaintiff to ordered to pay Aliman's costs and that Aliman receive any other relief, at law or in equity, to which he may show himself to be entitled.

Respectfully submitted,

CARLOS A. PENICHE
SBN  15748300
2232 Portsmouth
Houston, Texas   77098-4024
(713) 520-9966
(713) 520-7099  [FAX]

ATTORNEY FOR KAHTAN ALIMAN

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing document(s) ha(s/ve) been forwarded to the following parties and/or attorneys of record, in accordance with Federal Rules of Civil Procedure 5, on this 29th day of January, 1999.

Ms. Julie Cohen Lonstien
One Terrace Hill, P.O. Box 351
Ellenville, New York 12428

Mr. Peter M. Blute
11601 Katy Freeway, Suite 101
Houston, TX 77079

CARLOS A. PENICHE

5

# FILE

## CARLOS A. PENICHE
### ATTORNEY AT LAW

BOARD CERTIFIED CIVIL TRIAL LAW
AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
LICENSED IN TEXAS AND VIRGINIA

2232 PORTSMOUTH
HOUSTON, TEXAS 77098-4024

TELEPHONE
(713) 520-9966
FACSIMILE
(713) 520-7099

November 16, 1998

Ms. Julie Lonstein                    VIA CM/RRR # P 110 353 594
1 Terrace Hill, Box 351
Lonstein Professional Building
Ellenville, New York  12428

RE:  Civil Action No. H-98-1056; Joe Hand Promotions, Inc. vs. Jose
     Mendoza Huerta, et. al.;  In the United States District Court
     for the Southern District of Texas Houston Division.

Dear Ms. Lonstein:

     Enclosed please find Kahtan Aliman's interrogatories to Joe
Hand Promotions, Inc.; Kahtan Aliman's request for production to
Joe Hand Promotions, Inc.; and Kahtan Aliman's request for
admissions to Joe Hand Promotions, Inc.

                              Very truly yours,

                              Nydia E. Pérez
                              Legal Assistant to
                              Carlos A. Peniche

NEP
Enclosures (as stated)

P 110 353 594

**Receipt for
Certified Mail**

No Insurance Coverage Provided
Do Not Use for International Mail

Julie Lonstein

1991

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Julie Lonstein, Esq.
1 Terrace Hill,
PO Box 351
Ellenville, NY 12428

4a. Article Number

P 110 353 594

4b. Service Type

| | |
|---|---|
| ☐ Registered | ☑ Certified |
| ☐ Express Mail | ☐ Insured |
| ☑ Return Receipt for Merchandise | ☐ COD |

7. Date of Delivery

23

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

Aliman(4) Disc to π

6. Signature: (Addressee or Agent)
X

PS Form **3811**, December 1994          102595-97-B-0179          **Domestic Return Receipt**

Thank you for using Return Receipt Service.

Is your RETURN ADDRESS completed on the reverse side?

F I L E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOE HAND PROMOTIONS, INC.        §
                                 §
VS.                              §   CIVIL ACTION NO. H-98-1056
                                 §
JOSE MENDOZA HUERTA, ET. AL.     §

## KAHTAN ALIMAN'S REQUESTS FOR ADMISSION
## TO JOE HAND PROMOTIONS, INC.

TO:  Joe Hand Promotions, Inc., by and through its attorney of
     record, Ms. Julie Cohen Lonstein, Lonstein Law Office, P.C.,
     One Terrace Hill, P.O. Box 351, Ellenville, New York 12428

     Pursuant to Rule 36 of the Federal Rules of Civil Procedure,

you are requested to provide a written response to undersigned

counsel of record, either admitting or denying, specifically, the

matters hereinafter listed, or setting forth in detail the reasons

why you cannot truthfully either admit or deny them, within thirty

(30) days after the service of this discovery upon you or your

attorney.

                         Respectfully submitted,


                         CARLOS A. PENICHE
                         SBN  15748300
                         2232 Portsmouth
                         Houston, Texas   77098-4024
                         (713) 520-9966
                         (713) 520-7099  [FAX]

                         ATTORNEY FOR KHATAN ALIMAN

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing document(s) ha(s/ve) been forwarded to the following parties and/or attorneys of record, in accordance with Federal Rules of Civil Procedure 5, on this 16th day of November, 1998.

Ms. Julie Cohen Lonstien
One Terrace Hill, P.O. Box 351
Ellenville, New York 12428

_____
CARLOS A. PENICHE

1.   Aliman was not the owner of the club located at 8320 SW Freeway, Houston, Texas 77074, on or about August 19, 1995.

2.   On August 19, 1995, Samuel T. Castorani went to the nightclub located at 8320 SW Freeway, Houston, Texas.

3.   The name of the club Mr. Castorani entered at 8320 SW Freeway, Houston, Texas on August 19, 1995 was "The Grind".

4.   Mr.Castorani paid a ten dollar cover charge to enter the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995.

5.   Mr.Castorani was given a wrist band, a true and accurate copy of which is attached to these requests as exhibit A.

6.   The bartender at the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995 was a black male named Corem, about 28 years of age.

7.   Attached as exhibit B to these requests is a true and accurate copy of Mr. Castorani's affidavit regarding his visit to the club located at 8320 SW Freeway, Houston, Texas on August 19, 1995.

2

8.  Attached as exhibit C to these requests is a true and accurate copy of a flyer Mr. Castorani obtained from the club located at 8320 SW Freeway, Houston, Texas during his visit to that club on August 19, 1995.

9.  Aliman did not have possession or control of the premises in question on August 19, 1995.

10. Aliman had sub-leased the premises to Charles Pribilski, also known as Jimmy Olson, on February 28, 1995.

11. Aliman was not on the premises of the club in question on the night of the fight.

12. Aliman did not have any knowledge that the fight in question was to be shown on or before August 19, 1995.

13. Aliman has received no payment or benefit from the showing of the fight in question if in fact it was shown at the club in question.

14. If in fact the fight was shown at The Grind club without any payment and by illegal means, as alleged by the plaintiff, then Charles Pribilski and his partner and/or joint venturer, Chris Tellison, are responsible for same.

15. Aliman is not a proper party to this suit.

16. Joe Hand Promotions, Inc. did not have the right to distribute the Tyson-McNeeley program on August 19, 1995.

17. Kingvision Pay-Per-View Corp. LTD. had the right to distribute the Tyson-McNeeley program on August 19, 1995.

3

CM/PDF - www.fastio.com

Case 4:98-cv-01056 Document 65 Filed in TXSD on 02/01/99 Page 11 of 16

18. This party has no documents related to the substantial monies that this party expended in consideration of the agreement to publicly exhibit the Tyson-McNeeley program to various entities in the state of Texas.

19. This party has no documents showing that, with full knowledge that the Tyson-McNeeley program was not to be received and exhibited by entities unauthorized to do so, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the program at 8320 Southwest Freeway, Houston, Texas, willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. This party has no documents showing that, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or devise to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

21. This party has no documents showing that, this defendant (Kahtan Aliman, individually and dba Carnaval Nightclub) and/or his agents, servants, workmen or employees knowingly modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

4

22.  This party has no documents showing that, with full knowledge
     that the Tyson-McNeeley program was not to be received and
     exhibited by entities unauthorized to do so, this defendant
     (Kahtan Aliman, individually and dba Carnaval Nightclub)
     and/or his agents, servants, workmen or employees did exhibit
     the program at 8320 Southwest Freeway, Houston, Texas, at the
     time of its transmission willfully and for purposes of direct
     or indirect commercial advantage or private financial gain.

23.  This party has no documents showing that, this defendant
     (Kahtan Aliman, individually and dba Carnaval Nightclub)
     and/or his agents, servants, workmen or employees illegally
     intercepted the program in question when it was distributed
     and shown by cable television systems.

24.  This party has documents showing the names, addresses and
     telephone numbers of all persons/entities who have previously
     settled with this party for allegedly illegally showing the
     Tyson-McNeeley fight of August 19, 1995, and/or which state
     the amount of the settlement and/or the amount of attorney's
     fees paid to this party's (Joe Hand Promotions) attorneys as
     fees for their services rendered.

25.  This party has no documents showing the amount of attorney's
     fees this party (Joe Hand Promotions) contends Kahtan Aliman,
     individually and dba Carnaval Nightclub owes as attorney's
     fees and/or which show the factual basis for the amount
     claimed and/or the reasons Aliman should be held liable for
     those attorney's fees.

26.  This party has no documents showing the investigation this
     party undertook prior to authorizing this lawsuit against
     Kahtan Aliman, individually and dba Carnaval Nightclub, and/or
     which show any factual basis this party had for concluding
     that Aliman may be liable under any of the theories of
     liability plead against Aliman in this litigation.

5

CutePDF - www.fasto.com



EXHIBIT
*A*

STATE OF _Texas_

COUNTY OF _Harris_

### AFFIDAVIT

I, the undersigned, being duly sworn according to law deposes and says,

that on _August 19_ , 1995, at _10:46_ PM, I entered
    (date)                  (time)

the _The GRIND (AKA: CARNIVAL CLUB)_ located
  (name of establishment)

at _8320 Southwest Fwy, Houston, TX 77074_
    (street address, city, state, zip code)

I paid a cover charge of $ _10_ to enter this establishment. I ordered

_1_ drink (s) from the ~~Bartender~~/Barmaid/Waitress who was

described as _Corem, B/M, 28 yrs, 5'5", 130 Lbs, Long Curly Black Hair_
  (name, sex, age, ethnicity, distinguishing characteristics)

I observed _ONE_ televisions located inside this establishment.  The
     # of TVs
televisions can be described as follows: _VERY LARGE SCREEN_
                         (make, model, and size)

located _SOUTH END OF ROOM_
         (specific location of TVs)

At the time I was inside the above establishment, I observed the following

program on the above televisions: _TYSON / Mc NEELY_
                (names of each boxer, round, time remaining)

_ROUND ONE WITH TWO MINUTES REMAINING_

(brief detailed description of live boxing action observed )

EXHIBIT
_B_

I also observed the following distinguishing items inside the establishment:

*Large circular last large Dan Floor. Very Dark.*

(posters, decorations, pool tables, memorabilia, etc.)

This establishment rates _____ ✓_____ _____.

Good       Fair       Poor

The capacity of this establishment is approximately *400* people.

At the time of my appearance I counted the number of patrons three (3)

separate times. The head counts were *175*, *175*, *175*.

1st Count   2nd Count   3rd Count.

I left the above establishment at *11:00* PM on *AUG 19*, 1995.

I also observed the following license plates in the parking lot

1) *506 YLU*    2) *SFB-59X*  3) *PRF-58S*

4) *RLL-56R*   5) *540-UBF*  6) *400-VPF*.

Date: *Aug 21, 1995*

*Samuel J Castram*
Signature of Investigator

*SAMUEL J. PASTOANI*
Name of Investigator

Sworn and subscribed to me

this *8-21-95* day of 1995.

(notary seal)

*FERGUSON GARRETT + ASSOC*
Investigative Agency

*(713) 370-9061*
Telephone Number of Agency

H. B. GARRETT
MY COMMISSION EXPIRES
May 12, 1996





## ...GET READY FOR THE
### *"Player's Ball"*

Featuring over 40 Female Dancers
*Two H...se Kiss*

*"Pink... Brown..."*

*Lust Bitch*

*"The Dream Girls"*

*Coca, Stars and Choc-late"*

### featuring








DREAM GIRLS












### One Show Only Wednesday, August 23
### "AT THE GRIND"



EXHIBIT
C